NO. 07-07-0403-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 28, 2009
_____

JAMES MILTON ROBERTS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 410TH DISTRICT COURT OF MONTGOMERY COUNTY;

NO. 07-07-07649-CR; HON. K. MICHAEL MAYES, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

James Milton Roberts was convicted of two counts of aggravated sexual assault of a child and sentenced to imprisonment for life. He seeks to reverse those convictions by claiming that 1) the evidence is legally insufficient to support them, and 2) the trial court erred in admitting into evidence his oral statement given to the police. We affirm the judgments.

*Legal Sufficiency*

Appellant was charged with having caused the penetration of the female sexual organ of his former girlfriend's daughter by the insertion of his finger (count 1) and with having caused the penetration of her female sexual organ by his sexual organ or by causing her sexual organ to contact his sexual organ (count 2). Appellant contends the evidence is insufficient because the complainant was the only one to testify to the assaults and she waited several years to tell anyone about them. The issues are overruled.

The testimony of a child victim alone can be sufficient to sustain a conviction for aggravated sexual assault. *Bargas v. State,* 252 S.W.3d 876, 888 (Tex. App.–Houston [14th Dist.] 2008, no pet.); *Perez v. State,* 113 S.W.3d 819, 838 (Tex. App.–Austin 2003, pet. ref'd). Here, the youth testified that appellant moved his finger in and out of her vagina on more than one occasion. She also testified that he later progressed to putting his penis in her vagina, that it hurt, and that white stuff would come out of his penis. In addition to this testimony, there was evidence that 1) the complainant had a healed hymenal transection caused by blunt force that was consistent with penile penetration and for which no alternative explanations were provided, 2) appellant confessed to penetrating the complainant with his finger and penis but claimed it was initiated by the complainant and his girlfriend who told him he needed to teach the complainant about sex, and 3) appellant threatened to hurt the child and her mother if the child told anyone what was happening. From this evidence, a rational trier of fact could have found beyond a reasonable doubt that appellant committed the acts alleged in both counts of the indictment.

*Lack of Statutory Warnings*

Next, appellant argues that his oral statement should not have been admitted into evidence because the admonitions given him did not substantially comply with art. 38.22 of the Code of Criminal Procedure. We overrule the issue.

Article 38.22 provides that an electronic recording of a defendant's statement resulting from a custodial interrogation may not be admitted into evidence unless prior to the statement, but during the recording, the accused was given the following warnings: 1) he has the right to remain silent and not make any statement at all and that any statement he makes may be used against him at his trial; 2) any statement he makes may be used as evidence against him in court; 3) he has the right to have a lawyer present to advise him prior to and during any questioning; 4) if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning; and 5) he has the right to terminate the interview at any time. TEX. CODE CRIM. PROC. ANN. art. 38.22 §2(a) & §3(a)(2) (Vernon 2005). Equivalent though not identical warnings will also satisfy the statute. *Id.* §3(e)(2). Here, the trial court found that appellant was in custody at the time he made his statement and that the warnings he received met the statutory requirements.[1]

The first problem we encounter is that appellant did not specify how the warnings he received failed to comport with those mandated by art. 38.22. Given this, he did not adequately brief the issue and, therefore he waived it.

---

[1]The State disagrees that appellant was in custody at the time he gave the oral statement.

3

The second problem is that if he is suggesting that there existed a lack of substantial compliance because the officer simply told him that his statement would be used in "court" as opposed to trial, the argument was rejected in *Bible v. State*, 162 S.W.3d 234 (Tex. Crim. App. 2005). There, the court addressed a like argument and concluded that use of the word "court" is the fully effective equivalent of "trial" because the two required warnings overlap and "court" is the broader term. *Id.* at 241.

The third problem is that if he is suggesting that the police failed to comply with art. 38.22 §2(b) (requiring that the person giving the statement knowingly and voluntarily waive his rights to remain silent and to counsel), he is again mistaken. The record indicates that appellant was asked if he understood his rights and admonished that the officer wanted to make sure he understood "it." In reply, appellant said "yes sir" and continued his dialogue with the officer. No expressed verbal waiver of his rights was uttered by appellant, however. When addressing like facts, the court in *Turner v. State*, 252 S.W.3d 571 (Tex. App.–Houston [14th Dist.] 2008, pet. ref'd) held that art. 38.22 §2(b) was satisfied. *Id.* at 583. An express verbal waiver of his rights was not needed if the totality of circumstances depicted a waiver, according to the court. *Id.* at 583-84. The totality of circumstances depict such a waiver here.

The judgments of the trial court are affirmed.


Brian Quinn
Chief Justice


Do not publish.

4